UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 11-383-HRW

ROBERT LONAKER,                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on November 5, 2008, alleging disability beginning on November 5, 2008, due to back and neck injury (Tr. 226, 245). This application was denied initially and on reconsideration. Upon Plaintiff's request, an administrative hearing was conducted by Administrative Law Judge Christopher B. McNeil (hereinafter

"ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Robert Breslin, a vocational expert (hereinafter "VE") and Dr. Terry Schwartz, a psychological expert, also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 44 years old at the time of the hearing decision. He has a 12th

grade education and past work experience as a contractor (Tr. 226, 246, 251).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 60).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, depression, anxiety disorder NOS, cognitive disorder, pain disorder, right shoulder arthropathy, osteoarthritis and a compression fracture at the L3 vertebrae, which he found to be "severe" within the meaning of the Regulations (Tr. 60).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 60). In doing so, the ALJ specifically considered listings 1.02, 1.04, 12.02, 12.06, and 12.07 (Tr. 60-62).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 66) but determined that he has the residual functional capacity ("RFC") to perform The ALJ found Plaintiff had the residual functional capacity (RFC) for "light" work as defined in 20 C.F.R. § 404.1567(b) except that he could push or pull ten pounds using hand or foot controls, stand or walk two hours and sit six hours in an eight hour workday; he could not use ladders, ropes, or scaffolds, could no more than occasionally reach overhead, balance, stoop, kneel, crouch, or

crawl; he must avoid concentrated exposure to extreme heat, cold, vibration, unprotected heights, and hazardous machinery; and due to mental limitations, the job could not require fast pace or strict production quotas and must be in a nonpublic work setting (Tr. 62-66).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 66-67).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 9] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly relied upon the opinion of a non-examining medical advisor, Dr. Laura M. Rosch (2) the ALJ improperly discounted the opinion of Plaintiff's treating physician Dr. Gary Melton (3) the ALJ did not properly consider Plaintiff's mental limitations (4) the ALJ did not properly assess Plaintiff's credibility and (5) the hypothetical posed to the VE by the ALJ was flawed.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly relied upon the opinion of a non-examining medical advisor, Dr. Laura M. Rosch.

It is well established that a non-examining physician is qualified to review the record and provide an opinion. *See e.g. Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1308-1309 (6th Cir. 1990). Therefore, the fact that Dr. Rosch did not see Plaintiff does not automatically render her opinion unreliable.

In an evaluation completed on October 28, 2010 (Tr. 533-535), Dr. Rosch opined Plaintiff could lift 20 pounds occasionally and 10 frequently, and push/pull the same; he could stand/walk two hours; could never climb ladders or scaffolds, and could occasionally balance, stoop, kneel, crouch, crawl, overhead reach with the right arm; and needed to avoid concentrated exposure to heat, cold, vibration and hazards (Tr. 535).

As noted by the ALJ (Tr. 64), Dr. Rosch's assessment indicates that Plaintiff could engage in work at the equivalent of a reduced light exertional capacity. This is consistent with the ALJ's RFC finding. The ALJ indicated Plaintiff could perform light work, but within the RFC provided specific, additional limitations, including the limitation from Dr. Rosch that Plaintiff could only stand or walk two hours a day (Tr. 62).

There is nothing in the record which calls into question the portion of Dr. Rosch's opinion the ALJ incorporated into the RFC. As such, Plaintiff's argument in this regard is without merit.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinion of Plaintiff's treating physician Dr. Gary Melton.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In this case, the ALJ gave little weight to Dr. Melton's opinion. First, the ALJ found that Dr. Melton's opinion of disability was inconsistent with his own record of treatment.
For example, Dr. Melton opined Plaintiff could never look down, and could only occasionally turn his head right or left, and look up or hold his head in a static position (Tr. 542). He further opined that Plaintiff had significant limitation with reaching, handling and fingering due to shoulder pain (Tr. 542). Dr. Melton indicated Plaintiff would need to use an assistive device while engaging in

7

occasional standing/walking (Tr. 541).

Yet, Dr. Melton's treatment records and checklist examinations, however, contain few, if any, objective findings and nothing to support the restrictive limitations in his medical assessment (Tr. 398-403, 490-497, 544-550). Indeed, in March 2009, Dr. Melton's treatment notes indicated Plaintiff had some stiffness and limited range of motion, but does not indicate the extent of these limitations (Tr. 494). In September 2010, Dr. Melton reported Plaintiff had limited abduction with pain and tenderness in the shoulder, but normal range of motion in the neck (Tr. 545). In November 2010, Plaintiff reported medication had helped his pain, he had improvement in functionality, and did not experience an y numbness or weakness (Tr. 550). This suggests that Plaintiff's condition was not as limiting as indicated in Dr. Melton's assessment.

In addition, Dr. Melton's opinion is not supported by other evidence in the record. For instance, Plaintiff underwent an MRI of his cervical spine in October 2008 that showed only mild to moderate spondylitic changes (Tr. 390). Also, in November 2008, Plaintiff had a consultative examination with Dr. Rohmiller and denied any balance or dexterity issues (Tr. 394). Further, on May 9, 2009, Dr. Rana Mays, the consultative physician, observed that Plaintiff had decreased right arm strength and decreased range of motion of the right shoulder to 40 percent of

normal, but had normal reflexes and normal sensation (Tr. 473). Plaintiff also had decreased range of motion in the cervical spine, but no weakness; he was not able to turn his head from side to side while walking, but there was no evidence of an unsteady gait, and Plaintiff had no difficulty sitting or using his upper extremities (Tr. 475). Plaintiff denied dropping anything from his right hand or having weakness in his right hand (Tr. 473).

Given the lack of supporting data and the contradictory opinions, Dr. Melton's opinion is not entitled to controlling weight.

Plaintiff's third claim of error is that the ALJ did not properly consider Plaintiff's mental limitations.

Plaintiff relies on Robert W. Noelker Ph.D.'s consultative examination to argue that Plaintiff was severely impaired with regard to work pressures and one and two-step instructions (Tr. 452) (Pl.'s Br. at 7). However, Dr. Terry Schwartz testified that there was a lack of data to substantiate a severe cognitive disorder (Tr. 529). Moreover, on March 25, 2009, Jay Athy, Ph.D., a State agency medical consultant, reported Plaintiff could understand and remember simple one and two-step tasks; sustain attention and concentration necessary to complete simple tasks; relate to coworkers/supervisors in a non-public setting; adapt to simple changes; and avoid hazards in a routine work environment (Tr. 457). Similarly, on

9

August 3, 2009, Jane Blake, Ph.D., found Plaintiff was capable of handling simple tasks with limited contact with the public throughout a normal workday/workweek (Tr. 514-515, 517).

A review of the hearing decision establishes that the ALJ thoroughly considered Plaintiff's mental condition and properly weighed the evidence and opinions available to him.

Plaintiff also contends that the ALJ did not properly assess Plaintiff's credibility.

In evaluating a claimant's credibility, the Commissioner considers objective medical evidence and information from the claimant and treating or examining physicians, as well as other factors such as evidence of daily activities, the frequency and intensity of pain, any precipitating and aggravating factors, medication taken and any resulting side effects, and any other measures taken to alleviate the claimant's pain. *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (3). It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

As the ALJ noted, contrary to Plaintiff's assertions of disabling symptoms,

10

he engages in a wide range of daily activity. Plaintiff reported spending time with his girlfriend and son, preparing his own food, doing laundry once a week, mowing the lawn with a riding mower, driving, going shopping once a week, and watching television (Tr. 41, 264-267, 301). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Moreover, the ALJ noted that Plaintiff's statements regarding his activities were inconsistent, further detracting from his credibility.

Finally, substantial medical evidence in the record does not support allegations of disabling pain. The absence of any significant neurological deficits or atrophy supports the ALJ's finding that Plaintiff's allegations of disabling pain were not credible. *See* 20 C.F.R. § 404.1529(c)(2); *Tyra v. Secretary of Health & Human Services.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (despite subjective complaints of pain, claimant had no evidence of neurological abnormalities, atrophy or proportionate loss of sensory and reflex reactions).

Given the supporting evidence in the record, the Court finds that the ALJ, who is in the best position to observe the demeanor of a claimant, and evaluate the testimony in light of the written record, properly determined that Plaintiff's

subjective testimony was not entirely credible.

Finally, Plaintiff claims error with regard to the hypothetical posed by the ALJ to the VE and the answers given thereto. This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence. The record is devoid of credible medical evidence suggesting functional limitations beyond those found by the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22nd day of February, 2013.



_____
Henry R. Wilhoit, Jr., Senior Judge

13